**In re Earl D. WILSON a/k/a Earl Wilson, Wilson Properties, Ltd., Debtor.**

**Bankruptcy No. 3–83–00848.**

United States Bankruptcy Court, E.D. Tennessee.

Aug. 23, 1985.

Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Craig J. Donaldson, William S. Lockett, Jr., Knoxville, Tenn., for William L. Davis, trustee.

Charles S. Liberis, Pensacola, Fla., for Harriette Wilson.

Morton, Lewis, King & Krieg, M. Edward Owens, Jr., Knoxville, Tenn., for Federal Deposit Insurance Corporation.

Rodney D. Ray, Knoxville, Tenn., Staff Atty. for Federal Deposit Insurance Corporation.

## MEMORANDUM AND ORDER ON TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT OF CLAIM

### ORDER NO. 104

CLIVE W. BARE, Bankruptcy Judge.

On May 26, 1983, an involuntary petition was filed against Earl Wilson. The petition was sustained, and an order for relief under chapter 7 was entered August 3, 1983. Upon debtor's failure to do so, his wife, Harriette Wilson, filed a list of property claimed as exempt. 11 U.S.C.A. § 522(*l*) (1979). She filed an amended claim of exemptions on May 1, 1984. Thereafter, on May 30, 1984, the court entered Order No. 64, decreeing Tennessee to be debtor's domicile for the purpose of exemption claims. 11 U.S.C.A. § 522(b)(2) (1979). On appeal, the district court affirmed this court's ruling as to debtor's domicile for the purpose of claiming exemptions in bankruptcy. However, the district court held, contrary to this court's conclusion, that the date of the order for relief, not the petition date, is the proper date to determine which property is exempt in an involuntary case. Further, the district court remanded the matter for reconsideration of the exemptions claimed by Harriette Wilson, including property she holds as a tenant by the entirety with the debtor.

On June 14, 1985, the trustee filed a motion requesting approval of a compromise settling both the exemption claims and any claims the estate might have against Harriette Wilson. The trustee filed a memorandum supporting his motion on July 26, 1985. Pursuant to the compromise the estate will receive: (1) the entire corpus of the Earl D. Wilson Irrevocable Trust No. 2, valued at $98,783.34 as of March 15, 1985;[1] (2) stock, owned by debtor and Harriette Wilson as tenants by the entirety, in Resorts Group, Inc.[2] and Rolex, Inc. and Triad Corporation; (3) approximately $49,000 cash in an escrow account representing a joint tax refund and proceeds from property held by debtor and Harriette Wilson as tenants by the entirety; (4) certain promissory notes held by debtor and Harriette Wilson as tenants by the entirety; and (5) a country club membership, office furniture, and two watches, all of which the trustee will sell to Harriette Wilson for $9,600.

---

1. The principal asset of the trust is a 159-acre farm owned by debtor and Harriette Wilson as tenants by the entirety. Harriette Wilson will receive a right of first refusal to purchase this farm for not less than eighty-five (85) percent of the appraisal value.

2. The trustee will sell the Resorts Group, Inc. stock to Harriette Wilson for $1,000. Believed to be worthless, the stock may nonetheless have value to Harriette Wilson for tax purposes.

Section 522(b)(2) of Title 11 of the United States Code, as of the involuntary petition date in debtor's case, provided in part:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

. . . . .

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C.A. § 522(b)(2) (1979).

The current marital residence, with an equity of $450,000 or more, in Longwood, Florida, is among the property claimed exempt under § 522(b)(2)(B). Under Tennessee law, the applicable state law in determining debtor's exemptions, the estate's interest in the Longwood residence, purchased with entireties funds during the gap between the involuntary filing and entry of the order for relief, is limited to debtor's survivorship interest.

The trustee has identified potential claims totaling approximately $85,000 against Harriette Wilson, due to cash transfers to her from the debtor or her withdrawal of funds from joint accounts. However, the trustee represents that Harriette Wilson's "only substantial asset" is her entireties interest in the Longwood residence. The trustee asserts that Harriette Wilson is entitled to a homestead exemption in the residence under Florida law.[3] Further, Harriette Wilson maintains the trustee cannot avoid her withdrawals of funds from joint accounts as fraudulent transfers. This is a controverted issue.

The trustee proposes to release Harriette Wilson from any and all claims the estate may have against her and to abandon any claim or interest of the estate in the Longwood residence.[4] Thus, excluding the value of debtor's survivorship interest in the Longwood residence, the trustee is surrendering claims of approximately $85,000 for property minimally worth $120,000, according to the trustee's attorney.

The trustee "strongly believes" the settlement is in the best interest of the estate. According to the trustee, the value of the assets the estate will receive exceeds his potential claims against Harriette Wilson; the result of litigation, an expense to the estate, against Harriette Wilson is uncertain; and recovery of any judgment against her appears improbable. Considering these factors, as well as the absence of objection by any creditor, and the limited interest of the estate in the Longwood residence, the trustee's motion for approval of

---

**3.** Fla.Const. art. X, § 4 provides in part:

*Homestead—exemptions*

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:

(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family. . . .

**4.** With the exception of her waiver of limitations defense, the settlement is null and void if the trustee discovers a material nondisclosure by Harriette Wilson of property of the estate transferred to or for her benefit by the debtor.

the proposed compromise and settlement is GRANTED.

IT IS SO ORDERED.